IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2014 MAY 15 P 12: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Vincent Paul Figaro #263335
Full name and prison number
Of Plaintiff(s)

v.

Commissioner: Kim Thomas

Warden: Dewayne Estes, et.al.

_____

_____

_____

Name of person(s) who violated
Your constitutional rights.
(List the names of all
persons.)

CIVIL ACTION NO. 2:14-cv-358-MEF-CSC
(To be supplied by Clerk of
U.S. District Court)

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES ( )  NO (✓)

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment? YES ( )   NO (✓)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below. (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) _____

            _____

            Defendant(s) _____

            _____

        2.  Court )if federal court, name the district; if
            state court, name the county)_____

            _____

1

3. Docket number _____

4. Name of judge to whom case was assigned _____
_____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____
_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. PLACE OF PRESENT CONFINEMENT _Limestone Correctional Facility 28779 Nick Davis Rd, Harvest AL 35-249_

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED _____
_Limestone_____

III. NAME AND ADDRESSES OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

   NAME                                   ADDRESS

1. _Kim Thomas, 301 S. Ripley Str. Montgomery AL 36130_
2. _Dewayne Estes, 28779 Nick Davis Rd, Harvest AL 35745_
3. _____
4. _____
5. _____
6. _____

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _____
_Sept. 30, 2013 until on going_

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _See Attachment_
_____

2

**STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND.** (state as best you can the time, place and manner and person involved)

_See Attachment_

**GROUND TWO:** _____

**SUPPORTING FACTS:** _____

**GROUND THREE:** _____

**SUPPORTING FACTS:** _____

VI.  STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

_See Attachment_

X _Vincent Paul Figaro jr_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _8th day of May 2014_ .
(Date)

X _Vincent Paul Figaro jr_
Signature of plaintiff(s)

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

VINCENT PAUL FIGARO )
AIS NUMBER: 263335 )
      PLAINTIFF )
 )
VS. ) CIVIL ACTION NUMBER: 2:14-CV-358-MEF-CSC
 )
COMMISSIONER: KIM THOMAS )
WARDEN: DEWAYNE ESTES,ET.AL. )
      DEFENDANT )
[

## I. JURISDICTION & VENUE

This is a civil action authorized by 42 U.S.C section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This court has jursidiction under 28 U.S.C. section 11331 & 1343 (a) (3).

Plaintiff seeks declaratory relief pursuant to 28 U.S.C section 2201 and 2202. Plaintiff claims injunctive relief are authorized by 28 U.S.C. 2283 *2284 and RULE 65 of Federal Rules of Civil Procedure.

The Middle District of Alabama is an appropriate venue under 28 U.S.C. section 1391 (b) (2) because it is where ADOC headquarters are located and where the events giving rise to this claim occured.

## II. PLAINTIFF

Plaintiff Vincent Paul Figaro is and was at all times mentioned herein a prisoner of the state of Alabama in the custody of Alabama Department of Corrections and is confine at Limestone prison.

-1-

### III.. DEFENDANTS

Defendant Kim Thomas is the Commissioner of the Alabama Department of Corrections he is legally responsible for the over all operation of the department and each institution under his jurisdiction including Limestone Correctional Facility where the plaintiff is confined.

Defendant Dewayne Estes is the warden of Limestone Correctional Facility he is legally responsible for the operation of Limestone Correctional Facility and the welefare of all inmates and officers thats at the prison.

**Each Defendant** is sued individually and in his official capacity at all times mentioned in this complaint each defendant acted under of color of state law.

### IV. FACTS

On December 21, 2012 the Honorable Myron Thompson concluded that ADOC policy on segregation of HIV inmates did in fact violate the ADA (American Disability Act) and rehabilitation act 504.

On September 30, 2013 Judge Thompson decided in his opinion that HIV class members was not entitle to moneytary damages, HOWEVER Judge Thompson said it does not preclude class members from seeking compensation in a future suite. SEE Henderson -V-Thomas, 2013 U.S. Dist. Lexius 140098.

The fact is the Objector (plaintiff) in this case are permitted to filed or maintain action for moneytary damages. SEE Austin -V- Hopper, 28 F.SUpp. 2d. 1231; Also see Henderson -V-Thomas 2013 U.S. Dist. Lexius 140098.

-2-

The ADOC intention violated plaintiff confidentiality by disclosing plaintiff HIV status to others; this alone is a direct violation of plaintiff 8th and 14th amendment right to the U.S. Constitutional. When new inmates arrive at Limestone they are told B Dorm resident the ones with red arm band are HIV inmates this is a violation of plaintiff rights.

HIV inmates can live as long as one without HIV and danger of others catching HIV is very low.

Plaintiff in this case constitution rights has been violated under the 8th, 14th amendment to the United States Constitution, and under the American Disability Act and Rehability act and privatcy act.

Defendants in this case had a policy to segregate all HIV inmates which is a violation of plaintiff 8th and 14th amendment right to the United States Constitution.

ADOC did cause this violation of plaintiff rights, plaintiff alledge that the defendants pAttern of incident exists that it came from a level of constitution violation and the defendants had actual knowledge of the violations.

In Swint -V-City of Wadley, 51 F. 3d. 989 (11th Cir. 1995) 1983 requires proof of in affirmative causal connections between the official acts. It is clear in this case that the inquiry into causation must be a direct one focus on the duty and responsible of each of the defendants whose acts are alledge to have resulted in a constitution deprivation; Swint 51 F 3d. 999.

-3-

HIV-Segregation policy discriminate against plaintiff on the basic of disability (HIV Status) in violation of Title II of American Disability Act 42 U.S. C. 1201 and rehabilitation act 29 U.S.C. 794.

Plaintiff in this instant case aregues injuries because due to plaintiff HIV he is ineligiblity for transfering to another prison at this time, and plaintiff challenge the fact that he is barred from consideration of transfert, honoe dorm simple because he is HIV Poz. It has been long understood that governmental policy of exclusion and segrgation create actual concrete injuries that are redress by the courts . SEE Jackson-V-Okaloosa County, 21 F. 3d. 1531 (11th Cir. 1994).

Plaintiff in this case asserts under title II of the ADA and rehabilitation act 504 provides that no qualified individual with disability shall by reason of such disability be excluded from participation or be denied the benefits of service, programs or activities of public entity. 42 U.S.C. 12132 section 504 provide that no qualified individuals with disability shall soley by reason of his disability be excluded participation in be denied the benfits of subjected to discrimination under any program or activities receiving federal; financial assistance 29 U.S.C. 794 (a) claims under both status are governed by same standard. Cash 0 -V-Smith 231 F. 3d. 1301 (11th Cir. 2000).

## V. EXHAUSTION OF LEGAL REMEDIES

Plaintiff was unable to used grievance procedure,because Alabama Department of Corrections do not have a grievance procedure at Limestone Correctional Facility.

-4-

## VI. LEGAL CLAIMS

The ADOC violated plaintiff rights by intention discrimination under the 8th, 14th amendment rights, and title II of American Disability Act and rehabilitation act 504, and privacy act.

Plaitiff has no pain adequate or complete remedy at law to redress the wrongs describe herein. Plaintiff has been and will continue to be irreparably injured by the conducts of the defendants unless the court grats declaratory and injunctive relief which plaintiff seeks.

## VII. RELIEF

WHEREFORE, plaintiff respectfully prays that this Honorable court enter judgement granting plaintiff;

A. Compensatory damages in the amount of 100 000 00 dollars against each @ defendant

B. Punitive damages in the amount of 200 000 00 dollars against each defendant

C. Plaintiff cost in this suit

D. Attorney fees

E. Anything elese the court deem just

## VIII. VERIFICATION

I have read the forgoing complaint and hereby verify that the matters alledge therein are true.

Excuted on this _8th_ day of May 2014

*[signature]*
plaintiff

-5-



LIMESTONE CORRECTIONAL FACILITY
VINCENT PAUL FIGARO # 263335 (B-47)
28779 Nick Davis Road
Harvest Alabama 35749

United States District Court
Office of the Clerk
P.O. Box 711
Montgomery Alabama 36101