IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VINCENT PAUL FIGARO, #263335, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 2:14-CV-358-MEF |
| v. ) | [WO] |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Vincent Paul Figaro ["Figaro"], an indigent state inmate, asserting violations of his constitutional rights, the Americans with Disabilities Act, the Rehabilitation Act and the Privacy Act during his incarceration with respect to alleged discriminatory treatment based on his HIV status which has occurred since entry of the judgment in *Henderson v. Thomas*, 913 F.Supp.2d 1267 (M.D. Ala. 2012).[1]  The defendants filed a special report, supported by relevant evidentiary materials, in which they address the plaintiff's claims for relief. Thereafter, on July 30, 2014, Figaro filed a motion to dismiss this case (Doc. No. 15).

---

[1] The plaintiff states that the alleged illegal actions began on September 30, 2013 and are ongoing.  *See Complaint - Doc. No. 1* at 2.  The aforementioned date corresponds with this court's order closing the *Henderson* case, i.e., an Opinion and Judgment was entered in *Henderson* on December 21, 2012 and an Opinion and Stipulated Order of Final Judgment was issued on September 30, 2013.

Upon consideration of the plaintiff's motion to dismiss, the court concludes that this motion is due to be granted and that this case is due to be dismissed without prejudice.

## II.  DISCUSSION

Dismissal without prejudice at the insistence of the plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of this court and, absent some plain legal prejudice to the defendants, denial of the dismissal constitutes an abuse of this court's discretion.  *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855 (11th Cir. 1986).  Simple litigation costs, inconvenience to the defendants, and/or the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice.  *Id*. *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967). After thorough review of the pleadings filed by the parties, the court concludes that this case is due to be dismissed without prejudice on the motion of the plaintiff.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's motion to dismiss be GRANTED.

2.  This case be DISMISSED without prejudice.

3.  No costs be taxed herein.

It is further

ORDERED that **on or before September 10, 2014**, the parties may file objections

to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of August, 2014.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE